**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEPHEN B. PUCCETTI; RICHARD
BOTTINI,

               Plaintiffs - Appellants,

  v.

JEFF SPENCER; BRAD DUNCAN;
CHRIS HAWKINS,

               Defendants - Appellees.

No. 10-35895

D.C. No. 6:09-cv-06172-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted December 8, 2011
Seattle, Washington

Before: GUY,[**] McKEOWN, and TALLMAN, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Ralph B. Guy, Jr., Senior United States Circuit Judge, Sixth Circuit, sitting by designation.

Stephen Puccetti and Richard Bottini appeal the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of their 42 U.S.C. § 1983 claims for unreasonable arrest and failure to provide material evidence. They also appeal the district court's grant of summary judgment against their § 1983 claims for malicious prosecution, bad-faith destruction of evidence, and fabrication of evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the plaintiffs' claims depend, at least in part, on an interpretation of a particular Oregon hunting law, we begin by interpreting that law as we believe the Oregon Supreme Court would interpret it. *See In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990). Plaintiffs allege that Oregon's "mercy-killing" statute, providing for the killing of crippled or helpless wildlife, legalizes their admitted hunting practices. *See* Or. Rev. Stat. § 498.016. We disagree. The "mercy-killing" statute cannot apply to Bottini because he was charged with "Lending a Big Game Tag" and was not responsible for killing the elk. We also hold that Puccetti did not kill the elk in question for "humane purposes" as required by the statute. Although Puccetti may have been motivated in part by a humane purpose, his primary purpose, as evidenced by allowing the killed animal to be tagged, was possession. *See State v. Bailey*, 893 P.2d 681, 685 (Wash. Ct. App. 1995) (holding, under similar facts, that even if a mercy-killing exception "were available

2

as a defense to the killing of an injured game animal, it is unavailable as a defense to its possession or control"). Thus, Puccetti's killing of Bottini's elk and Bottini's tagging of that elk were both violations of Oregon hunting laws.

The plaintiffs admitted this illegal conduct to Oregon State Police Officers Hawkins and Duncan. Because the admissions created an objectively reasonable belief on the part of the wildlife officers that a crime had been committed, the officers had probable cause to arrest Puccetti and Bottini. *See State v. Owens*, 729 P.2d 524, 529 (Or. 1986). The existence of probable cause made the arrests reasonable. *See State v. Vasquez-Villagomez*, 203 P.3d 193, 199 (Or. 2009).

The existence of probable cause is also a complete defense to plaintiffs' malicious prosecution claim. *Gustafson v. Payless Drug Stores Nw.*, 525 P.2d 118, 119–20 (Or. 1974). Any alleged tampering or fabrication of evidence that took place *after* the plaintiffs' admissions would not "rebut" the probable cause to prosecute that plaintiffs themselves established. *Cf. Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066–67 (9th Cir. 2004) (en banc).

The district court properly analyzed and rejected plaintiffs' constitutional claims for failure to provide material evidence, bad-faith destruction of evidence, and fabrication of evidence.

There was no constitutional violation for failure to provide material evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). *See also Smith v. Almada*, 640 F.3d 931, 939 (9th Cir. 2011) (explaining the requirements for stating a claim under *Brady*). The district court correctly reasoned that because the plaintiffs' criminal charges were dismissed, the plaintiffs cannot show that any suppressed evidence could have produced a different result at trial. *See Smith*, 640 F.3d at 939. Our sister circuits have adopted identical reasoning in denying *Brady* claims when the plaintiff was never convicted. *See Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999); *Flores v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988). We find this reasoning persuasive and affirm the district court's dismissal of plaintiffs' *Brady* claim.

There was also no constitutional violation for bad-faith destruction of evidence. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). The destroyed evidence—the elk carcass—had no exculpatory value. *See California v. Trombetta*, 467 U.S. 479, 489 (1984). At most, the elk carcass would have corroborated plaintiffs' admissions that they illegally shot the elk.

Finally, there was no constitutional violation for fabrication of evidence. The district court erroneously considered this claim to be moot. We hold that the claim is not moot and instead affirm the district court's grant of summary judgment

against the claim on the merits. The defendants did not proceed with the investigation knowing plaintiffs were innocent under the first prong of the test set out in *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The record is susceptible to but one conclusion: the defendants knew the plaintiffs were guilty based on their own admissions. Likewise, planting Puccetti's bullet on the elk would not "yield false information" under the second prong of the *Devereaux* test. *See id.* Planting a bullet near the elk's shoulder area would merely support the plaintiffs' own admissions that Puccetti had shot the animal. There is no triable issue of material fact remaining on this claim, and summary judgment was proper.

**AFFIRMED.**